Carol Molanick
10526 West Sands Drive
Peoria, AZ 85383
(623)399-7510
cmolanick78@hotmail.com
Plaintiff Appearing in Pro Se

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CAROL MOLANICK ) | CV-13-1619-PHX-SPL |
| Plaintiff ) | COMPLAINT |
| ) | |
| vs. ) | ERISA 29 U.S.C. §1132(a) |
| ) | |
| UNITED SERVICES AUTOMOBILE ) | |
| ASSOCIATION ) | |
| Defendant. ) | |
| ) | |

Plaintiff alleges:

**PARTIES**

1. At all times relevant herein, plaintiff Carol Molanick ("Molanick") was and remains a resident of Maricopa County, Arizona and was an employee, Auto Adjuster III, at the United Services Automobile Association (USAA) campus in Phoenix, Arizona.

2. At all times relevant herein, defendant USAA was and is a reciprocal interinsurance exchange and unincorporated association organized under the laws of the State of Texas having its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288. USAA is licensed to transact and is transacting insurance business in the State of Arizona and other states.

## JURISDICTION

3. This District Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §1331. The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.; 29 U.S.C. § 1132(a)(1)(B) provides that a civil action may be brought by a beneficiary to recover benefits due to her under the terms of her plan pursuant to 29 U.S.C. §1132(a), ERISA § 502(e)(1) and (3). Venue is proper in this Court pursuant to 28 U.S.C. §1391, 29 U.S.C. §1132(a), ERISA § 502(e)(2), and 29 U.S.C. §1132(e)(2). USAA regularly and continuously conducts business in interstate commerce though out the United States, including in this judicial district, and through its website at www.usaa.com.

## COMPLAINT

*Employee Retirement Income Security Act of 1974 ("ERISA")*
*29 U.S.C. §§ 1001 et seq.; 29 U.S.C. § 1132(a)(1)(B)*

4. Plaintiff, an employee of USAA, was the beneficiary of a Short-Term Disability program. USAA itself caused her an "Injury or Illness" for which she applied for Short-Term Disability benefits. Plaintiff's two initial claims were denied by Liberty Mutual Insurance, the USAA Plan administrator. Two tiers of subsequent administrative appeals culminating with a USAA final appeal were all denied on the basis that plaintiff did not meet the Plan's definition of Disability which precluded stress, even with accompanying physical manifestations, as an inherent aspect of the job to which all of plaintiff's co-workers were subject.

5. Plaintiff's stress and anxiety, with physical manifestations, were so severe as a result of defendant's intense, pervasive, and continuous sex discrimination and harassment by USAA management personnel that it constituted a hostile work environment for one and was therefore not applicable to, or an inherent part of, the same job performed by others who were not targeted by USAA management.

6. Liberty Mutual refused to consider non-medical evidence such as the allegations of plaintiff's ERISA complaint against USAA which sets forth a situational stress completely different from an inherent job stress.

7. USAA was a conflicted fiduciary as the claim sponsor, the party causing plaintiff's injuries, the claim decider, and the claim payer.

8. The Liberty Mutual Board Certified Psychiatrist opined that "the record review supports a diagnosis of Adjustment Disorder with mixed Anxiety and Depression".

9. The extraordinary stress and anxiety of the discrimination and harassment caused such psychological and physical damage to plaintiff that her doctors would not permit her to return to work for an extended period.

10. USAA has denied plaintiff her Short-Term Disability benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), particularly 29 U.S.C. §1132(a)(1)(B).

11. Plaintiff has exhausted her administrative remedies.

**DEMAND**

WHEREFORE, plaintiff demands judgment in her favor and against defendant for:

1) an award of the actual damages sustained thereby

2) a determination that defendant unreasonably denied and withheld benefits under the policy, that defendant misconstrued the policy language against plaintiff and violated her right to recover benefits due to her under the terms of her Short-Term Disability Program pursuant to 29 U.S.C. §1132(a), ERISA § 502(e)(1) and (3).

3) an Order awarding recoverable cost incurred pursuant to 29 U.S.C. §1920; and 29 U.S.C. §1132(g); and

4) such further relief as the Court deems proper and just under the circumstances.

August 9, 2013

*[signature]*
Carol Molanick
10526 West Sands Drive
Peoria, AZ 85383
(623)399-7510

Plaintiff Appearing in Pro Se