# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Molanick,<br><br>    Plaintiff,<br><br>v.<br><br>United Services Automobile Association,<br><br>    Defendant. | No. CV-13-01619-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Opening Brief (Doc. 23) seeking review of Defendant's denial of benefits under the Employee Retirement Income Security Act (ERISA). For the following reasons, the Court affirms the denial of benefits.

## BACKGROUND

This case arises from Defendant United Services Automobile Association's ("USAA") denial of two of Plaintiff's claims for short-term disability benefits. Plaintiff Carol Molanick was an Auto Adjuster II at USAA's Phoenix campus. (Doc. 27 at 2.) Her job duties involved interacting with customers on the phone and working at a computer. (*Id.*) She claims that she became disabled from performing these duties due to stress caused by the hostile work environment allegedly created by her supervisor, Keith Waldrop. (*Id.*)    Plaintiff had short-term disability insurance (the "Plan") as a USAA employee. Under the Plan, an individual is disabled and thus may be entitled to benefits if "the Participant, as a result of Injury or Illness, is unable to perform the Material and Substantial Duties of his or her Own Job." (Doc. 27-1 at 5.) The Plan requires a claimant to submit Proof of her disability, which can include the completed claim form, "an

1    attending Physician's Medical Documentation," or "the provision by the Participant's
2    attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays
3    and/or other forms of objective medical evidence." (*Id.* at 7.)  The claims administrator
4    for the first level of review of clams under the Plan is Liberty Life Assurance Company
5    of Boston ("Liberty") and USAA reviews the claims on administrative appeal.

6    Plaintiff filed the first of her two claims for disability benefits at issue in this lawsuit on January 16, 2013 (the "first claim."). She alleged that she had irritable bowel syndrome triggered by stress. Plaintiff submitted medical evidence from Dr. Hume and Dr. Singh to substantiate this claim. Dr. Singh noted that she was in no acute distress and found that all physical exam findings were normal. (R. at 312–13.)  He gave an assessment of gastroesophageal reflex disease (GERD) and prescribed Omeprazole. (*Id.*)

12   Dr. Hume noted that Plaintiff had been diagnosed with GERD "and is taking omeprazole which is helping." (R. 102–04.) He noted that she reported elevated stress but "has not thought about being on an anxiety medication and is not interested in it." (*Id.*) He also opined that she should be off work for one week. (*Id*.) To assess Plaintiff's claim, Liberty sent Plaintiff's file for review by a member of Liberty's Clinical Medical Staff. (R. at 677.) In a letter dated January 29, 2013, Liberty informed Plaintiff that she was not eligible for benefits because Liberty had reviewed the medical documentation and "[b]ased on this information the reviewing member found that due to normal exam findings and a lack of medical evidence that would indicate [Plaintiff was] unable to perform normal daily activities, that restrictions and limitations of less than sedentary work are not supported." (R. at 94–95.) The letter also informed Plaintiff of her right to appeal this determination.

24   On February 9, 2013, Plaintiff applied again for short-term disability benefits (the "second claim"). She asserted disability based on depression, anxiety, and heart palpitations. Liberty sought and was provided medical documentation from Drs. Kahane and Patchett. Dr. Kahane, a psychiatrist, noted symptoms including depression and anxiety, but did not note symptoms associated with a severe mood or anxiety disorder.

(R. at 170.) Dr. Kahane assigned Plaintiff a Global Assessment of Function (GAF) score of 70, consistent with her mild symptoms. (*Id.*) He prescribed her medication and told her to return for follow-up. (*Id.*) At the next follow-up visit, Plaintiff reported feeling much calmer and that she was stable on her medications. (*Id.*) At a later follow-up visit, she again reported feeling anxious and depressed and was again assigned a GAF score of 70. (R. at 171.) Dr. Kahane adjusted her medication to better control her symptoms. (*Id.*)

Dr. Patchett, Plaintiff's primary care provider, noted no abnormalities and a normal EKG. (*Id.*) He referred Plaintiff to a cardiologist and continued her on Nexium, which she reported was helping with her reflux symptoms. (*Id.*) Neither Plaintiff nor her physicians provided Liberty with additional medical records.

Liberty forwarded these records to Dr. Laura Don, a physician board certified in psychiatry and neurology, who determined that the records did not indicate that Plaintiff had a severe mood or anxiety disorder that would preclude her from performing her usual range of life activities, including her job duties. (R. at 173.) In a letter dated April 15, 2013, Liberty notified Plaintiff that she was not eligible for benefits. (R. at 28–31.)

On May 15, 2013, Plaintiff appealed the denials of both the first and second claims. (R. at 270.) The only new medical evidence Plaintiff included with her appeal was a note from a mental health counselor which stated that he had seen Plaintiff four times and that "[p]resenting problems were elevated stress and anxiety. Sleep was non-restorative. Her stress and anxiety made it extremely difficult to function in the work place." (R. at 500.) The counselor did not provide any further detail or any treatment notices, mental status exams, or any other form of clinical documentation.

Liberty reviewed the records from both of Plaintiff's claims and again determined that while they supported a finding that Plaintiff experienced stress and anxiety in the workplace, there was no objective medical evidence of any associated functional deficit or cognitive decline that would warrant complete restrictions from work. (R. at 493.) In a letter dated June 7, 2013, Liberty denied both the first and second claims on appeal, explaining why neither claim met the requirements for eligibility under the Plan. (*Id.*)

1 The letter informed Plaintiff of her right to appeal the claims to USAA. (*Id.*)

2 Plaintiff appealed Liberty's denial of the first and second claims to USAA. USAA reviewed the records regarding both claims and consulted with Dr. Peter Wald, Enterprise Medical Director for USAA and a board certified physician. Dr. Wald conducted an independent review of the records and determined that the medical documentation provided did not support a finding of any significant psychiatric impairment or other disability that precluded Plaintiff from performing the material and substantial duties of her job. (R. at 710.) In a letter dated July 31, 2013, USAA informed Plaintiff that she was not eligible for benefits under the Plan. (R. at 474.) The letter also informed Plaintiff of her right to bring an action challenging this decision under § 502(a) of ERISA.

Plaintiff filed the present action on August 9, 2013, challenging USAA's denial of benefits. (Doc. 1.) The matter is now fully briefed before the Court. (Docs. 23, 27, 29.)

## DISCUSSION

### I. Standard of Review

"ERISA . . . permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). When a plan administrator both determines eligibility and pays the claims, that creates a conflict of interest and courts should weight that conflict as a factor in determining whether the administrator abused its discretion. *Id.* The significance of that conflict is determined by the facts of each particular case. *Id.* The parties here agree that an abuse of discretion standard applies in this case. (Doc. 23 at 3, Doc. 27-1 at 13.)

An "abuse of discretion" occurs when the Court is "left with a definite and firm conviction that a mistake has been committed." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). A court "may not merely substitute [its] view for that of the fact finder," but must consider whether the plan administrator's decision was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.*

1  A plan administrator will not always prevail under this deferential standard of review, but "a plan administrator's decision will not be disturbed if reasonable." *Conkright v. Frommert*, 559 U.S. 506, 521 (2010). A court's review will be "tempered by skepticism" when there is a conflict of interest and "if the administrator gave inconsistent reasons for a denial, failed to provide full review of a claim, or failed to follow proper procedures in denying the claim." *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 707 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 1492 (2013).

**II.  Analysis**

    **A.  Conflict of Interest**

The parties agree that there may be a conflict of interest in this case as USAA is both involved in the benefits decision and pays for the benefits. Such a conflict is "a 'factor' in the abuse of discretion review" and is entitled to weight depending "on the severity on that conflict." *Harlick*, 686 F.3d at 707 (citing *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 968 (9th Cir. 2006)). This factor is afforded additional weight "if there is 'a history of biased claims administration.'" *Id.* at 707 (quoting *Metro. Life Ins. Co*, 554 U.S. at 117). However, the Ninth Circuit views "the conflict with a 'low' 'level of skepticism' if there's no evidence 'of malice, of self-dealing, or of a parsimonious claims-granting history.'" *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008). The conflict is also "less important" when the insurer "segregate[es] employees who make coverage decisions form those who deal with the company's finances." *Harlick*, 686 F.3d at 707.

Here, Plaintiff does not dispute that the first two levels of review were conducted by Liberty, not USAA, and thus the employees making those coverage decisions were separate from those dealing with USAA's finances. Further, Plaintiff does not dispute USAA's claim that its employees who review coverage decisions on appeal are also segregated from its employees who deal with USAA's finances. Next, Plaintiff provides no evidence "of malice, of self-dealing, or of a parsimonious claims-granting history'" at USAA. *Saffon*, 522 F.3d at 868. She states that the coverage decisions were the result of

"egregious conflicts of interest," but provides no basis for this statement. (Doc. 23 at 11; Doc. 29 at 5.)

Plaintiff further asserts that Liberty refused to consider her EEOC charge in evaluating her claim, in violation of a Plan provision that allows beneficiaries to provide "written comments, documents, records and other information relating to your claim for benefits." (Doc. 23 at 15.) Under the Plan, an individual is disabled and thus may be entitled to benefits if "the Participant, as a result of Injury or Illness, is unable to perform the Material and Substantial Duties of his or her Own Job." (Doc. 27-1 at 5.) The Plan requires a claimant to submit Proof of their disability, which can include the completed claim form, "an attending Physician's Medical Documentation," or "the provision by the Participant's attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence." (*Id.* at 7.)

Here, while Plaintiff alleges that the details of the workplace harassment she experienced relates to the cause of her stress, she does not state that documentation of this harassment provides any evidence of a resulting disability. Plaintiff's EEOC charge may describe an extremely unpleasant workplace, but it does not state how that workplace has lead Plaintiff to develop documented symptoms that meet the Plan's definition of disability. She asserts this alleged failure to follow procedure is evidence of the conflict of interest because "USAA actually caused Plaintiff's 'Injury or Illness' from sex discrimination and harassment," but again does not connect that assertion to the determinations made based on the medical evidence in this case. Thus, the Court views any conflict of interest in this case with a low level of skepticism.

### B.   Benefits Decision

Plaintiff asserts that the denial of her claims was an abuse of discretion because the record contains statements that suggest her claims were denied because the Plan does not cover disabilities caused by work stress. (Doc. 23 at 12.) She states that the Plan does not contain exclusions "for a stress 'Injury or Illness,' whether accompanied with physician manifestations or not" and that there is also no exclusion for "employment

factors." (*Id.*) Thus, she argues it was an abuse of discretion for USAA to invent such exclusions. However, it appears clear from the record that USAA did not deny her claims because of any exclusion for stress or employment factors, but instead did so because the medical evidence provided did not support a finding of disability. Plaintiff also argues that USAA violated ERISA by failing to provide specific reasons for their denial of her claims, but the denial letters in the record demonstrate a considerable amount of detail.

Under the abuse of discretions standard, the Court must consider whether the Plan administrator's decision was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Salomaa*, 642 F.3d at 676. Here, USAA based its denial of Plaintiff's claims on the objective medical evidence submitted. Plaintiff provides no basis on which to overturn this determination. Thus, the Court finds that it was not an abuse of discretion for USAA to deny Plaintiff's claims.

**IT IS THEREFORE ORDERED** that the Court **affirms** the determination of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court **terminate this action** and enter judgment accordingly.

Dated this 15th day of July, 2014.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge